IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUAL, CORPORATION, LIMITED LIABILITY COMPANY, PARTNERSHIP AND UNINCORPORATED ASSOCIATION IDENTIFIED ON AMENDED SCHEDULE "A", <br><br> Defendant. | Case No. 25-cv-12229 <br><br> Judge Lindsay C. Jenkins |

**SECOND AMENDED COMPLAINT**

Plaintiff, MILWAUKEE ELECTRIC TOOL CORPORATION ("MILWAUKEE TOOL" or "Plaintiff"), through undersigned counsel, hereby complains of the Partnership, Unincorporated Association and other identified in Amended Schedule A attached hereto ("Defendant"), and for its Second Amended Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets

consumers in the United States, including Illinois, through at least the fully interactive commercial Internet store operating under the Defendant Online Marketplace Account identified in Amended Schedule A attached hereto (the "Defendant Internet Store"). Specifically, Defendant is reaching out to do business with Illinois residents by operating one or more commercial, interactive Internet Stores through which Illinois residents can purchase products bearing counterfeit versions of Plaintiff's MILWAUKEE trademarks. The defendant has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accepta payment in U.S. dollars and, on information and belief, has sold products bearing counterfeit versions of Plaintiff's federally registered trademarks to residents of Illinois. The Defendant is committing tortious acts in Illinois, is engaging in interstate commerce and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

## INTRODUCTION

3. This action has been filed by Plaintiff to combat online counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's MILWAUKEE Trademarks, which are covered by both of the following U.S. Trademark Registrations: 4,203,258 and 5,203,630. The Registrations are valid, subsisting and in full force and effect. True and correct copies of the federal trademark registration certificates for the MILWAUKEE Trademarks are attached as Exhibit 1.

4. The Defendant created at least one Defendant Internet Store and designed it to appear to be selling genuine Plaintiff's products, while selling inferior imitations of Plaintiff's products. The Defendant attempts to avoid liability by going to great lengths to conceal both its identity and the full scope and interworking of its illegal counterfeiting operation. Plaintiff is forced to file this action to combat Defendant's counterfeiting of Plaintiff's registered trademarks, as well as to protect

unknowing consumers from purchasing unauthorized MILWAUKEE TOOL products over the Internet. Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution and tarnishment of its valuable trademarks as a result of Defendant's actions and seeks injunctive and monetary relief.

5. This Court has personal jurisdiction over the Defendant, in that the Defendant conducts significant business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit of which the Defendant stands accused were undertaken in Illinois and in this Judicial District. In addition, the Defendant has offered to sell and ship infringing products into this Judicial District.

## THE PLAINTIFF

6. Plaintiff, MILWAUKEE ELECTRIC TOOL CORPORATION, is a Delaware corporation with its principal place of business at 13135 West Lisbon Road, Brookfield, Wisconsin 53005-2550.

7. Plaintiff develops, manufactures and markets power tools. For over 100 years, MILWAUKEE TOOL has led the industry in developing innovative solutions that deliver

increased productivity and unmatched durability for professional construction users. Plaintiff is the official source of MILWAUKEE TOOL products:

https://MILWAUKEEusa.com/

8. Plaintiff is the owner of the MILWAUKEE Trademarks (U.S. Registration Nos. 4,203,258 and 5,203,630). Plaintiff is the owner in the U.S. of all intellectual property relating to MILWAUKEE TOOL products.



| Registration Number | Registered Trademark | International Class |
|---|---|---|
| 4,203,258 | M18 | 9 |
| 5,203,630 | MILWAUKEE | 9 |

4

9. Since 1924, the MILWAUKEE marks are and have been the subject of substantial and continuous marketing and promotion by Plaintiff. Plaintiff has and continues to widely market and promote the MILWAUKEE marks in the industry and to consumers. Plaintiff's promotional efforts include — by way of example, but not limitation — website, social media sites and point of sale materials.

10. The MILWAUKEE Trademarks are distinctive and identify the merchandise as goods from Plaintiff. The registrations for the MILWAUKEE Trademarks constitute prima facie evidence of the validity thereof and of Plaintiff's exclusive right to use the MILWAUKEE Trademarks pursuant to 15 U.S.C. § 1057(b).

11. The MILWAUKEE Trademarks qualify as famous marks, as that term is used in 15 U.S.C. §1125 (c)(1), and have been continuously used and never abandoned.

12. Plaintiff has expended substantial time, money and other resources in developing, advertising and otherwise promoting the MILWAUKEE Trademarks. As a result, products bearing the MILWAUKEE Trademarks are widely recognized and exclusively associated by consumers, the public and the trade as being products sourced from Plaintiff.

**THE DEFENDANT**

13. Defendant is an individual and business entity who, upon information and belief, reside in either the People's Republic of China or another foreign jurisdiction. Defendant conducts business throughout the United States, including within Illinois and in this Judicial District, through the operation of fully interactive commercial websites and online marketplaces operating under the Defendant Internet Store. The Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit

MILWAUKEE TOOL products to consumers within the United States, including Illinois and in this Judicial District.

## THE DEFENDANT'S UNLAWFUL CONDUCT

14. The success of the MILWAUKEE brand has resulted in its counterfeiting. Plaintiff has identified numerous online marketplace accounts linked to fully interactive websites and marketplace listings on platforms such as Amazon, including the Defendant Internet Store, which was offering for sale, selling and importing counterfeit MILWAUKEE TOOL products to consumers in this Judicial District and throughout the United States. Defendant has persisted in creating the Defendant Internet Store. Internet websites like the Defendant Internet Store are estimated to receive tens of millions of visits per year and generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in 2024 was over $5.4 billion, up from $2.8 billion in 2023. According to a 2021 study on the impact of the sale of fraudulent goods entitled "The Counterfeit Silk Road - Impact of Counterfeit Consumer Products Smuggled into the United States" (the 2021 study), Internet websites like the Defendant Internet Stores are also estimated to contribute to over 653,000 lost jobs for legitimate businesses and broader economic damages such as lost wages in an amount over $36 billion and a loss of federal and state tax revenue of over $13.5 billion every year.

15. Upon information and belief, Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store or wholesaler selling genuine MILWAUKEE TOOL products. The Defendant Internet Store looks sophisticated and accepts payment in U.S. dollars via credit cards and Amazon. The Defendant Internet Store includes images and design elements that make it very

difficult for consumers to distinguish it from an authorized website. Defendant further perpetuates the illusion of legitimacy by offering "live 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the McAfee® Security, VeriSign®, Visa®, MasterCard® and PayPal® logos.

16. Plaintiff has not licensed or authorized Defendant to use the MILWAUKEE Trademarks, and the Defendant is not an authorized retailer of genuine MILWAUKEE TOOL products.

17. Upon information and belief, Defendant also deceives unknowing consumers by using the MILWAUKEE Trademarks without authorization within the content, text and/or meta tags of its website to attract various search engines crawling the Internet looking for websites relevant to consumer searches for MILWAUKEE TOOL products. Additionally, upon information and belief, Defendant uses other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Store listing shows up at or near the top of relevant search results and misdirect consumers searching for genuine MILWAUKEE TOOL products. Further, Defendant utilizes similar illegitimate SEO tactics to propel new online marketplace accounts to the top of search results after others are shut down.

18. Defendant goes to great lengths to conceal its identity and uses fictitious names and addresses to register and operateits Defendant Internet Store. For example, the Defendant's name and physical address used to register the Defendant Online Marketplace Account is incomplete, contains randomly typed letters, and fails to include cities or states in order to conceal the owners' identity and contact information. Upon information and belief, Defendant regularly creates new websites and online marketplace accounts on various platforms using the identities listed in Amended Schedule A to the Second Amended Complaint, as well as other unknown fictitious names

and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendant to conceal its identity, the full scope and interworking of its massive counterfeiting operation, and to avoid being shut down.

19. In addition to operating under a fictitious name, Defendant in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendant will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection. The 2021 study indicated that the Internet has fueled explosive growth in the number of small packages of counterfeit goods shipped through the mail and express carriers. This growth closely correlates to the growth of the ecommerce industry which now makes up 16.2% of all retail transactions as reported by the Census Bureau of the U.S. Department of Commerce. According to the Department of Homeland Security's 2024 Intellectual Property Rights Seizures Report, the vast majority of Intellectual Property Rights seizures continue to take place within the express consignment and mail shipping methods. 97% of all cargo seizures were made in de minimis shipments.

20. Further, counterfeiters such as Defendant typically operate multiple credit card merchant accounts and Amazon accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. Upon information and belief, Defendant maintains off-shore bank accounts and regularly moves funds from their Amazon account to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of Amazon transaction

logs from previous similar cases indicates that offshore counterfeiters regularly move funds from U.S.-based Amazon accounts to China-based bank accounts outside the jurisdiction of this Court.

21. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continue to use the MILWAUKEE Trademarks in connection with the advertisement, distribution, offering for sale, and sale of counterfeit MILWAUKEE TOOL products into the United States and Illinois over the Internet. The Defendant Internet Store offers shipping to the United States, including Illinois and, on information and belief, the Defendant has offered to sell counterfeit MILWAUKEE TOOL products into the United States, including Illinois.

22. Defendant's use of the MILWAUKEE Trademarks in connection with the advertising, distribution, offering for sale and sale of counterfeit MILWAUKEE TOOL products, including the sale of counterfeit MILWAUKEE TOOL products into Illinois, is likely to cause and has caused confusion, mistake and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

23. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-22 of this Second Amended Complaint.

24. This is a trademark infringement action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the registered MILWAUKEE Trademarks in connection with the sale, offering for sale, distribution and/or advertising of infringing goods. MILWAUKEE Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Plaintiff's products provided under the MILWAUKEE Trademarks.

25. Defendant has sold, offered to sell, marketed, distributed and advertised, and is still selling, offering to sell, marketing, distributing and advertising products in connection with the MILWAUKEE Trademarks without Plaintiff's permission.

26. Plaintiff MILWAUKEE ELECTRIC TOOL CORPORATION is the registered owner of the MILWAUKEE Trademarks (U.S. Registration Nos. 4,203,258 and 5,203,630).

27. The U.S. Registrations for the MILWAUKEE Trademarks (Exhibit 1) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in the MILWAUKEE Trademarks and is willfully infringing and intentionally selling counterfeits of the MILWAUKEE Trademarks. Defendant's willful, intentional and unauthorized use of the MILWAUKEE Trademarks is likely to cause and is causing confusion, mistake and deception as to the origin and quality of the counterfeit goods among the general public.

28. Defendant's activities constitute willful trademark infringement and counterfeiting under 15 U.S.C. §§ 1114, 1117.

29. The injuries and damages sustained by Plaintiff has been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell and sale of counterfeit MILWAUKEE TOOL products.

30. Plaintiff has no adequate remedy at law, and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known MILWAUKEE Trademarks.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

31. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-30 of this Second Amended Complaint.

32. Defendant's promotion, marketing, offering for sale and sale of counterfeit MILWAUKEE TOOL products has created and is creating a likelihood of confusion, mistake and deception among the general public as to the affiliation, connection or association with Plaintiff or the origin, sponsorship or approval of Defendant's counterfeit MILWAUKEE TOOL products by Plaintiff.

33. By using the MILWAUKEE Trademarks in connection with the sale of counterfeit MILWAUKEE TOOL products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit MILWAUKEE TOOL products.

34. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit MILWAUKEE TOOL products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

35. Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

**COUNT III**
**VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS § 510/1, et seq.)**

36. Plaintiff repeats and incorporates by reference herein the allegations contained in paragraphs 1-35 of this Second Amended Complaint.

37. Defendant has engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit MILWAUKEE TOOL products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection or association with genuine MILWAUKEE TOOL products, representing that their products have Plaintiff's approval

11

when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

38. The foregoing Defendant's acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/1, et seq.

39. Plaintiff has no adequate remedy at law, and Defendant's conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendant's unlawful activities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1) That Defendant, pursuant to 15 U.S.C. § 1116(a), its affiliates, officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under, or in active concert with it be temporarily, preliminarily and permanently enjoined and restrained from:

    a. using the MILWAUKEE Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale or sale of any products that are not genuine MILWAUKEE TOOL products or are not authorized by Plaintiff to be sold in connection with the MILWAUKEE Trademarks;

    b. passing off, inducing or enabling others to sell or pass off any products as genuine MILWAUKEE TOOL products or any other products produced by Plaintiff that are not Plaintiff's or are not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the MILWAUKEE Trademarks;

    c. committing any acts calculated to cause consumers to believe that Defendant's counterfeit MILWAUKEE TOOL products are those sold under the authorization,

control or supervision of Plaintiff, or are sponsored by, approved by or otherwise connected with Plaintiff;

d. further infringing the MILWAUKEE Trademarks and damaging Plaintiff's goodwill;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any trademarks of Plaintiff, including the MILWAUKEE Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof; and

f. using, linking to, transferring, selling, exercising control over or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defendant could continue to sell counterfeit MILWAUKEE TOOL products.

2) That Defendant, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to filed with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with paragraph 1, a through f, above;

3) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces such as Amazon, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Online Marketplace Account, shall:

a. disable and cease providing services for any accounts through which Defendant engage in the sale of counterfeit MILWAUKEE TOOL products using the

13

MILWAUKEE Trademarks, including any accounts associated with the Defendant listed in Amended Schedule A; and

b. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit MILWAUKEE TOOL products using the MILWAUKEE Trademarks.

4) That Defendant accounts for and pays to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of the MILWAUKEE Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117(a)-(b);

5) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $1,000 and not more than $2,000,000 for each and every use of the MILWAUKEE Trademarks;

6) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Respectfully submitted,

Dated: October 22, 2025

By: s/Michael A. Hierl
Michael A. Hierl
William B. Kalbac
Robert P. McMurray
John Wilson
Elizabeth A. Miller
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com

Attorneys for Plaintiff
MILWAUKEE ELECTRIC TOOL
CORPORATION

14

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of the foregoing Second Amended Complaint was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on October 22, 2025.

                                                               s/Michael A. Hierl